NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
KATHARINE SCHONBACHLER
California Bar No. 222875
Assistant United States Attorney
Asset Forfeiture Section
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-3172
    Facsimile:  (213) 894-0142
    E-mail: Katie.Schonbachler@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ONE TP17G TABLET PRESS AND ONE ZP9 ROTARY TABLET PRESS,<br><br>Defendants. | No. 2:19-CV-1671<br><br><u>VERIFIED COMPLAINT FOR FORFEITURE</u><br><br>21 U.S.C. § 881(a)(9)<br><br>[D.E.A.] |

Plaintiff United States of America brings this claim against defendants One TP17G Tablet Press and One ZP9 Rotary Tablet Press, and alleges as follows:

**JURISDICTION AND VENUE**

1. The government brings this <u>in rem</u> forfeiture action pursuant to 21 U.S.C. § 881(a)(9).

2. This Court has jurisdiction over the matter under 28 U.S.C. §§ 1345 and 1355.

3. Venue lies in this district pursuant to 28 U.S.C. § 1395(a).

## PERSONS AND ENTITIES

4. The plaintiff in this action is the United States of America.

5. The defendants are One TP17G Tablet Press and One ZP9 Rotary Tablet Press (the "defendant machines"), seized on October 25, 2018 at Extra Space Storage Unit B7, 875 E. Mills Street, San Bernardino, California.

6. The defendant machines are currently in the custody of the United States Marshals Service in this District, where they will remain subject to this Court's jurisdiction during the pendency of this action.

7. The interests of Dalibor Kabov, Berry Kabov, Rachel Helm, Global Compounding Pharmacy, LLC and Anatomy RX, LLC may be adversely affected by these proceedings.

## BASIS FOR FORFEITURE

8. Starting in approximately November 2012, Drug Enforcement Administration ("DEA") and the United States Postal Inspection Service ("USPIS") investigated Global Compounding Pharmacy, LLC ("Global Compounding"), for offenses including the illegal distribution of pharmaceutical controlled substances including oxycodone.

9. Global Compounding operated a storefront located at 1544 Purdue Avenue, Los Angeles, California, and records obtained from the California Board of Pharmacy (among other sources) showed that Dalibor Kabov ("Dalibor") and Berry Kabov ("Berry") owned and operated Global Compounding. On March 5, 2012, Global Compounding was issued a DEA Certificate of Registration ("DEA registration") as a pharmacy authorized to order and handle Schedules II-V controlled substances. A DEA registration, in this case issued under the business name of Global Compounding and held in Dalibor's name, grants authorization for Global Compounding to order and dispense Schedules II-V controlled substances in the State of California subject to limits. Additionally, Dalibor had been licensed in California as a pharmacy technician since

October 2011.

10. Investigators reviewed the Automated Reports and Consolidated Orders System ("ARCOS")[1] database for Global Compounding and observed that it had received thousands of dosage units of Schedule II and III pharmaceutical narcotics from wholesale drug distributors in recent years. Investigators recognized the ARCOS data as reflecting particularly high quantities of controlled drugs consistent with illegitimate drug trafficking rather than legitimate pharmaceutical practice.

11. On September 22, 2015, a federal grand jury returned a criminal indictment in U.S. v. Berry Kabov, Dalibor Kabov and Global Compounding, LLC, Case No. CR 15-0511-DMG, for violations of 21 U.S.C. §§ 846, 841(b)(1)(C): conspiracy to distribute oxycodone; 21 U.S.C. §§ 841(a)(1), (b)(1)(C): distribution of oxycodone; 21 U.S.C. §§ 963, 960(a)(1): conspiracy to import a Schedule III controlled substance; 21 U.S.C. §§ 952(b), 960(a)(1): importation of a Schedule III controlled substance; 18 U.S.C. § 1956(h): conspiracy to engage in money laundering; 18 U.S.C. § 1957: engaging in transactions in criminally derived proceeds; 18 U.S.C. § 2(b): causing an act to be done; and 31 U.S.C. § 5324(a)(3): structuring. On January 23, 2017, Berry Kabov, Dalibor Kabov and Global Compounding were found guilty of various violations following a jury trial.

12. On October 1, 2015, DEA investigators executed a search warrant at Global Compounding located at 1544 Purdue Avenue, Los Angeles, California. During the search, investigators found documents pertaining to a May 18, 2013 payment to an unidentified supplier in China for the purchase of a ZP9 Rotary Press. Investigators also found documents pertaining to November 2013 payments to LZ Company, a supplier in China, for the purchase of a TP17G Tablet Press.

---

[1] ARCOS is an automated drug reporting system which monitors the flow of certain DEA pharmaceutical controlled substances from their point of manufacture through commercial distribution channels to point of sale or distribution at the dispensing/retail level, including pharmacies, hospitals, and practitioners. The drugs tracked by ARCOS include Schedule II and III opiates but not Schedule III steroids.

3

13. According to California Secretary of State records, on or about October 14, 2015, Global Compounding changed its name to Anatomy RX, LLC.

14. Investigators later discovered that Dalibor's girlfriend Rachel Helm ("Helm") had rented storage unit B7 at Extra Space Storage, located at 875 E. Mills Street, San Bernardino, California ("storage unit B7") to store Dalibor's belongings. On August 7, 2018, a DEA diversion investigator and Internal Revenue Service ("IRS") investigator met Helm at storage unit B7. Helm consented to a search of the unit and during the search, the DEA investigator observed the defendant machines, One TP17G Tablet Press and One ZP9 Rotary Press, inside storage unit B7.

15. On September 18, 2018, the DEA's Office of Chemical Unit – Import, Export and Chemical Section confirmed that DEA had not received notices of importation of the defendant machines, in violation of 21 U.S.C. §§ 830(b)(1)(D), which requires reporting of "any regulated transaction in a tableting machine or an encapsulating machine," and 842(a)(10), which makes it "unlawful for any person negligently to fail to keep a record or make a report under section 830."

16. In addition, 21 C.F.R. 1310.05(2) (c) requires, in part:

> Each regulated person who imports or exports a tableting machine, or encapsulating machine, must file a report of such importation or exportation on DEA Form 452 with the Administration through the DEA Diversion Control Division secure network application, at least 15 calendar days before the anticipated arrival at the port of entry or port of export. In order to facilitate the importation or exportation of any tableting machine or encapsulating machine and implement the purpose of the Act, regulated persons may report to the Administration as far in advance as possible. A separate report (DEA Form 452) must be filed for each shipment, in accordance with §1310.06(e). Upon receipt and review, the Administration will assign a completed report a transaction identification number. The report will not be deemed filed until a transaction identification number has been issued by the Administration. The importer or exporter may only proceed with the transaction once the transaction identification number has been issued.

17. On October 25, 2018, DEA investigators met Helm at storage unit B7 and Helm signed a consent to search form for storage unit B7. The investigators then seized the defendant machines from storage unit B7.

## **CLAIM FOR RELIEF**

18. Based on the above, plaintiff alleges that the defendant machines were imported in violation of 21 U.S.C. §§ 830(b)(1)(D) (failure to report a regulated transaction in a tableting or encapsulating machine) and 842(a)(5) (failure to make a report) and are therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(9).

WHEREFORE, plaintiff United States of America prays:

(a) that due process issue to enforce the forfeiture of the defendant machines;

(b) that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed;

(c) that this Court decree forfeiture of the defendant machines to the United States of America for disposition according to law; and

(d) for such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: March 7, 2019

NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

 */s/ Katharine Schonbachler*
KATHARINE SCHONBACHLER
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## VERIFICATION

I, Kevin M. Buntrock, hereby declare that:

1. I am a Diversion Investigator with the Drug Enforcement Administration and the case agent for the forfeiture matter entitled <u>United States of America v. One TP17G Tablet Press and One ZP9 Rotary Tablet Press</u>.

2. I have read the above Verified Complaint for Forfeiture and know its contents. It is based upon my own personal knowledge and reports provided to me by other law enforcement agents.

3. Everything contained in the Complaint is true and correct, to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 5, 2019 in Los Angeles, California.

*/s/ Kevin Buntrock*
KEVIN M. BUNTROCK